**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

RAMIRO LOZANO,

                Plaintiff,

-vs-                                                Case No.  2:03-cv-257-FtM-29SPC

UNITED STATES OF AMERICA,

                Defendant.
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Pro Se Petitioner Ramiro Lozano's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. # 1) filed on May 27, 2003.  On November 2, 2004, the District Court referred the Motion (Doc. # 5) to the Honorable Sheri Polster Chappell, United States Magistrate Judge for a report and recommendation for the purposes of holding a hearing.  The District Court further ordered the Magistrate Judge to determine whether petitioner is eligible to proceed *in forma pauperis*, and if eligibility was found to appoint counsel from the CJA 20 list to represent the Petitioner.  In accordance with the District Court's Order, on January 6, 2005, (Doc. # 7) this Court directed the Plaintiff to file a complete and proper Affidavit of Indigence by February 7, 2005.  To date the Petitioner has failed to respond the to Court's Order and thus, the Court determines that the Petitioner will proceed *pro se* in the matter before the Court.

**DISCUSSION**

The Petitioner raises two issues as grounds for his sentence to be vacated: (1) he was denied his right to appeal his sentence and (2) ineffective assistance of counsel in violation of his Sixth Amendment rights on the part of his attorney Charles Gallops, Esq. There is an indication from the record that the Motion was untimely filed. Therefore, the Court will *sua sponte* review the Petitioner's § 2255 Motion to Vacate to determine if it was untimely filed. Thus, before proceeding any further with the instant Motion, the Court must first determine whether or not the Plaintiff's petition is time barred.

*Whether the Plaintiff's § 2255 Motion is Time Barred*

Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. Lynn v. U.S., 365 F.3d 1225, 1234 (11th Cir. 2004) (citing McCoy v. U.S., 266 F.3d 1245, 1258 (11th Cir. 2001)). This rule generally applies to all claims including constitutional claims. Lynn, 365 F.3d at 1234 (citing Reed v. Farley, 512 U.S. 339, 354, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994)).

Federal prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been

discovered through the exercise of due diligence. 28 U.S.C. § 2255; Pruitt v. U.S., 274 F.3d 1315, 1317 (11th Cir. 2001).

In this case, the Petitioner's judgement was issued on February 3, 1998, and his conviction became final on May 3 ,1998, when time for him to seek certiorari review expired. Kaufman v U.S., 282 F.3d 1336, 1338 (11th Cir. 2002) (finding that a conviction is not final until the ninety (90) day period to seek a writ of certiorari expires). As a result, the Plaintiff needed to file his motion prior to May 3, 1998, in order to prevent the motion from being time barred. The Petitioner did not file this Motion until May 27, 2003, five years after the deadline to file had expired. Thus, the Petitioner's Motion was untimely filed. 28 U.S.C. § 2255(1) (stating that a habeas petition may not be filed more than one year from the date on which the judgement of conviction becomes final). The second and third exceptions are not applicable.

In regards to the fourth exception, the Petitioner's claim that his counsel failed to file an appeal after sentencing, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. Lynn, 365 F.3d at 1234. The Petitioner had ample time to present facts supporting his claim within the allotted deadline for filing a § 2255 claim, but instead waited for five years before raising the issue.[1] When the Petitioner was given the opportunity to file an Affidavit of Indigency in order for the Court to determine if he qualified for court appointed counsel, the

---

[1] The Petitioner's Counsel at the sentencing, Atty. Gallops, filed an affidavit with the Court on February 7, 2005, (Doc. # 8), stating that the Petitioner never requested him to file an appeal in this case. Atty. Gallops states that the Petitioner only inquired about a Rule 35 Reduction and was informed by Counsel that a reduction was a decision solely in the hands of the prosecutor.

...

Petitioner failed to provid any response. Thus, the Petitioner failed to demonstrate the necessary due diligence to present the facts to support his claim in a timely manner.

While the Petitioner did not argue that equitable tolling applied to his motion, the Court will *sua sponte* consider the merits of equitable tolling on his motion due to the Plaintiff's *pro se* status. Equitable tolling does apply to the statute of limitations set forth in § 2255. Sandvik v. U.S., 177 F.3d 1269, 1271 (11th Cir. 1999). However, it is well established that equitable tolling only applies where the petitioner shows that the motion was untimely filed because of extraordinary circumstances that are both beyond petitioner's control and unavoidable even with due diligence. Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 701-702 (11th Cir. 2003); Jones v. U.S., 304 F.3d 1035, 1039-1040 (11th Cir, 2002) *cert. denied* 538 U.S. 947 (2003); Sandvik, 177 F.3d at 1271.

In this case, the Petitioner fails to provide the extraordinary circumstances and necessary due diligence required in order for the court to allow the equitable tolling of the AEDPA's statute of limitations. Regarding the Petitioner's claims, the Petitioner filed the Motion to Vacate five years after the AEDPA's one year time restraint restriction for filing § 2255 motions expired, the instant motion has been pending for two years without any prosecution on the part of the Petitioner, and the Petitioner totally ignored the Court's Order (Doc. # 7) requesting that he file an Affidavit of Indigency in order for the Court to determine whether or not he could proceed *in forma pauperis*. Thus, by failing to prosecute his claims, the Petitioner failed to demonstrated the necessary due diligence required to overcome the time bar to his Motion to Vacate Sentence. Additionally, the Petitioner's claim that he had ineffective assistance of counsel is not sufficient to overcome the AEDPA's one year time restraint restriction for filing § 2255 motions. *See* Pruitt, 274 F.3d at 1321 (not allowing an untimely filed claim for ineffective assistance of counsel).

Because the Petitioner did not file his § 2255 Motion within one year of any of the four events set fourth in 28 U.S.C. § 2255, and has not shown any equitable reasons to toll the limitations period, his § 2255 Motion is untimely and it is respectfully recommended that the Motion is time barred.

Accordingly, it is now

**RECOMMENDED:**

The Pro Se Petitioner Ramiro Lozano's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. # 1) Should be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___22nd___ day of July, 2005.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record