```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

RAMIRO LOZANO,

        Petitioner,

vs.                            Case No.  2:03-cv-257-FtM-29SPC
                                      Case No. 2:97-cr-3-FTM-29SPC

UNITED STATES OF AMERICA,

        Respondent.

_____/

## OPINION AND ORDER

This matter comes before the Court on consideration of the Magistrate Judge's Report and Recommendation (Civ. Doc. #9)[1], filed July 22, 2005, recommending the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied as time-barred. No objections have been filed and the time to do so has expired.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n. 9

---

[1] Unless otherwise specified, docket numbers referring to the criminal case are cited as (Cr. Doc.) and docket numbers referring to the civil case are cited as (Cv. Doc.).

(11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

Pursuant to a Plea Agreement (Cr. Doc. #46), wherein petitioner waived his right to appeal the sentence, petitioner pled guilty to Counts One and Two of the Superseding Indictment (Cr. Doc. #24) and was sentenced to 168 months imprisonment, 60 months supervised release, and a special assessment of $200. The Judgment in a Criminal Case (Cr. Doc. #59) was entered on September 15, 1998. Petitioner did not file a direct appeal but did file a habeas motion pursuant to § 2255 on May 27, 2003, arguing ineffective assistance of counsel for failure to file a Notice of Appeal from the Judgment. On November 2, 2004, the Court entered an Order (Cv. Doc. #5) referring the Motion to the Magistrate Judge for purposes of holding an evidentiary hearing and submitted a report and recommendation regarding the appropriate disposition of the ineffective assistance of counsel issue. The Magistrate Judge was further directed to determine whether petitioner was entitled to an appointment of counsel.

The government filed an Answer in Opposition (Cr. Doc. #84) to petitioner's Motion that the motion "is likely timely." On July

22, 2005, the Magistrate Judge issued a Report and Recommendation (Cv. Doc. #9) recommending that petitioner's Motion be dismissed as time-barred.[2]  Although the Magistrate Judge properly raised the issue of timeliness, the government's Answer in Opposition (Cr. Doc. #84) and petitioner's Memorandum of Fact and Law in Support (Cr. Doc. #75) were apparently not taken into consideration by the Magistrate Judge because they were filed in the corresponding criminal file.  Petitioner also filed an Affidavit (Cr. Doc. #80) arguing that he was not aware that the Notice of Appeal had not been filed until April 2003, and counsel of record Charles Gallops filed an Affidavit (Civ. Doc. #8) disputing petitioner's assertion that he asked counsel to file a Notice of Appeal.

As a result, the Court will recommit the matter to the Magistrate Judge so the matters in the criminal file may be considered.

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court rejects the Report and Recommendation of the Magistrate Judge and recommits the matter for further proceedings consistent with this Opinion and Order.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

---

[2] Under Day v. Crosby, 391 F.3d 1192, 1193 (11th Cir. 2004), the Court may sua sponte consider the limitations period under the AEDPA even if not raised by the government.  See also Jackson v. Secretary for Dept. of Corrs., 292 F.3d 1347 (11th Cir. 2002).

1.  The Report and Recommendation is hereby **rejected** and the matter is recommitted to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) for the aforementioned reason and the issuance of a Report and Recommendation regarding the appropriate disposition of this case.

2.  Petitioner shall submit an Affidavit of Indigency form requesting to proceed in forma pauperis for the purposes of an appointment of counsel within **TEN (10) DAYS** of this Opinion and Order.  If petitioner fails to submit an Affidavit, petitioner right to counsel will be deemed waived and forfeited, and the issue will not be re-visited.

3.  The Clerk shall provide petitioner a copy of this Opinion and Order and an Affidavit of Indigency form at FCI Forrest City Low, Forrest City, Arizona.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of August, 2005.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
United States Magistrate Judge

Defendant
AUSA