UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


RAMIRO LOZANO,

                    Petitioner,

vs.                                   Case No.  2:03-cv-257-FtM-29SPC
                                      Case No. 2:97-cr-3-FTM-29SPC

UNITED STATES OF AMERICA,

                    Respondent.
_____


**OPINION AND ORDER**

_____This matter comes before the Court on consideration of the Magistrate Judge's Second Amended Report and Recommendation (Doc. #13) recommending that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #74), filed on May 27, 2003, be dismissed as time-barred.

**I.**

On November 2, 2004, after an initial review of the Petition, the Court referred the matter to the Magistrate Judge to hold an evidentiary hearing and submit a Report and Recommendation regarding the proper disposition of the ineffective assistance of counsel issue.  The Magistrate Judge was also directed to appoint counsel if it was determined that petitioner qualified to proceed in forma pauperis.  (See Doc. #5).  On July 22, 2005, the Magistrate Judge issued a Report and Recommendation (Doc. #9)

recommending that the petition be denied as time-barred.  On August 22, 2005, the undersigned issued an Opinion and Order (Doc. #10) rejecting the Report and Recommendation and recommitting the matter to the Magistrate Judge to consider filings made in the criminal case file that were not considered.  On January 25, 2006, the Magistrate Judge issued an Amended Report and Recommendation (Doc. #11) recommending that the petition be denied.  On February 15, 2006, the Amended Report and Recommendation was vacated (Doc. #12) and a Second Amended Report and Recommendation (Doc. #13) was entered recommending dismissal.  The Second Amended Report and Recommendation is now before the Court for consideration.  No objections have been filed and the time to do so has now expired.

## II.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b()1;  Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)).  The district

judge reviews legal conclusions *de novo*, even in the absence of an objection.  See <u>Cooper-Houston v. Southern Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994).

## III.

On March 5, 1997, the grand jury returned a two count Superseding Indictment (Doc. #24) charging defendant with two counts of conspiracy to possess with intent to distribute cocaine base.  On February 3, 1998, defendant pled guilty pursuant to a Plea Agreement (Doc. #46) to both counts.  On September 14, 1998, defendant was sentenced to 168 months imprisonment, 60 months of supervised release, and a $200 special assessment.  Judgment (Doc. #59) was entered on September 15, 1998, and no direct appeal was filed.  On May 27, 2003, defendant filed his petition for relief pursuant to 28 U.S.C. § 2255.

Federal prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims

presented could have been discovered through the exercise of due diligence.  28 U.S.C. §2255; see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001).

It is clear that petitioner's § 2255 motion was not filed within one year after his conviction became final.  Petitioner's conviction became final ten days after the filing of the original Judgment on September 25, 1998.[1]  Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000).  Giving petitioner the benefit of the "mailbox rule," Houston v. Lack, 487 U.S. 266 (1988), Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), the Court will deem the §2255 motion filed on May 20, 2003, the date petitioner signed the motion while incarcerated.  Even so construed, the §2255 motion was filed almost a 3 and a half years past the September 25, 1999 deadline.  The Court finds that the petition would be time-barred.

The Magistrate Judge found that the second and third events which could trigger the one-year time limit were not applicable. The Court agrees.  Petitioner did not identify any government imposed impediment, nor did petitioner demonstrate any applicable newly recognized and retroactive right.

---

[1]The Magistrate Judge found that the Judgment was issued on February 3, 1998, however, only the change of plea occurred on that date.  This clerical error is of no significance as the petition was clearly well outside the time limits of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

As to the fourth event, the Magistrate Judge did not find due diligence by petitioner in raising his sole ineffective assistance of counsel issue for failure to file a Notice of Appeal.  The Magistrate Judge considered trial counsel's Affidavit (Doc. #8) wherein counsel stated that he was never asked to file a Notice of Appeal on petitioner's behalf.  The Magistrate Judge also considered petitioner's Affidavit (Cr. Doc. #80) which provides that a request was made to appeal, and that "on a number of occassions [sic]" petitioner called to inquire as to the status of the appeal that counsel said was pending, and "in or about April 2003," his family helped him discover that no appeal had ever been filed or pending.  The Petition was filed on May 27, 2003.  The Magistrate Judge found counsel's Affidavit to be more credible based on the later filing by the government of a Motion for Reduction in Sentence Pursuant to Fed. R. Crim. P. 35(b) (Doc. #87), and found no equitable tolling.  The Court finds that the Magistrate Judge's report and recommendation must be rejected with respect to this finding.

The law is clear that an attorney is ineffective if he disregards specific instructions to file a notice of appeal, even if an appeal would have no meritorious issues.  Gomez-Diaz v. United States, 433 F.3d 788, 790 (11th Cir. 2005); Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000); Martin v. United States, 81 F.3d 1083 (11th Cir. 1996); Gray v. United States, 834 F.2d 967 (11th Cir. 1987).  Whether petitioner gave counsel such a specific

instruction is a material fact which is subject to dispute by the
contradicting Affidavits.  If petitioner's version is credited, his
Petition may be timely under the fourth prong of § 2255 and he may
be entitled to an out-of-time appeal; if not, the Petition is
untimely and there was no ineffective assistance of counsel.
Because this is a factual question that the Court is unable to
resolve without further evidence, the Court finds it necessary to
hold an evidentiary hearing as to the intertwined issues of whether
petitioner satisfies the fourth prong and whether he requested
counsel to file an appeal.  RULES GOVERNING § 2255 CASES IN THE UNITED
STATES DISTRICT COURTS, Rule 8(a); Gomez-Diaz, 433 F.3d at 792.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   The Magistrate Judge's Second Amended Report and
Recommendation (Doc. #13) is **rejected.**

2.   Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set
Aside, or Correct Sentence by a Person in Federal Custody (Cv. Doc.
#1; Cr. Doc. #74) is **taken under advisement** pending an evidentiary
hearing.

3.   Petitioner's Request for Evidentiary Hearing (Doc. #75),
contained in the Memorandum of Fact and Law in Support, is **GRANTED.**

4.   The Court finds that petitioner is entitled to
representation by counsel at the evidentiary hearing, however, the
Court must determine if petitioner qualifies for an appointment of

counsel.  See 18 U.S.C. § 3006A; RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, Rule 8(c).  If petitioner wishes to be represented by appointed counsel, petitioner shall complete the attached Financial Affidavit and return it within **FIFTEEN (15) DAYS** of this Opinion and Order.  If petitioner fails to complete and return the Financial Affidavit, he will be deemed to have waived Court appointed counsel.

5.  The Court shall conduct an evidentiary hearing no earlier than **THIRTY (30) DAYS** from the date of this Opinion and Order to be set under separate notice.

**DONE AND ORDERED** at Fort Myers, Florida, this ___3rd___ day of March, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge

Petitioner
(Youngstown, OH)

AUSA